IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
Action No. _____
*Electronically Filed*


AMY JO HICKS                                                                                           PLAINTIFF
SSN: xxx-xx-xxxx

v.

CAROLYN W. COLVIN
Acting Commissioner of Social Security                                                DEFENDANT

Serve:

Commissioner of Social Security
Office of the Regional Chief Counsel, Region VIII
Social Security Administration
1961 Stout Street, Suite 4169
Denver, CO 80294-4003

and

Attorney General of the United States
U. S. Department of Justice
Washington, DC  20530

and

Kerry Harvey
United States Attorney, Eastern District of Kentucky
260 W. Vine St., Suite 300
Lexington, KY 40507-1612

## **COMPLAINT**

Comes the Plaintiff, Amy Jo Hicks, by counsel, and for his cause of action against the Defendant states as follows:

1.  Plaintiff is an adult citizen, 37 years of age, residing in and domiciled in Floyd County, State of Kentucky.

1

2. Defendant is the Acting Commissioner of Social Security of the United States of America and, at all times herein mentioned, she and her predecessor in office were in the exercise of duties as such.

3. This action is brought pursuant to the provisions of 42 U.S.C. Section 405(g) to review a final decision of the Defendant.

4. Plaintiff filed an application for a period of disability and disability insurance benefits on September 21, 2007 alleging an onset date of disability of September 1, 2007, due to injuries to right arm, neck, back, head, legs and hips, headaches, depression, nervousness and axniety. Plaintiff's application was initially denied and, upon reconsideration by the Social Security Administration, was again denied, whereupon Plaintiff timely requested a hearing before an administrative law judge.

5. In a decision dated July 2, 2008, an administrative law judge of the Social Security Administration's Office of Disability Adjudication and Review issued a decision that found that the Plaintiff was entitled to a period of disability or disability insurance benefits under the Social Security Act beginning September 1, 2007, Plaintiff received benefits in accordance with that decision, and continued to receive them through the dates of the last acts complained of herein.

6. In a letter dated May 18, 2015, the Appeals Council of the Social Security Administration notified Plaintiff that the Defendant was going to redetermine Plaintiff's entitlement to benefits awarded by the previous decision of the administrative law judge, and that a new administrative law judge would be disregarding certain allegedly fraudulent evidence presented and received into the record without objection in the prior decision.

7. After a preliminary review was completed at the Appeals Council level, the case was remanded to a new administrative law judge with instructions included in a remand order to not consider certain evidence previously received without objection. A copy of the Order Remanding case to the Administrative Law Judge is attached hereto, as Exhibit A.

8. At no time Plaintiff was given an opportunity to be heard with regard to the allegation of fraud. Nor was Plaintiff ever confronted with the alleged evidence, if any, of the alleged fraud. There is no evidence in the administrative record of the alleged fraud much less substantial evidence supporting such a finding.

9. Plaintiff appeared at a hearing before an administrative law judge of the Social Security Administration's Office of Disability Adjudication and Review held on Febrary 1, 2016. Following that hearing, the administrative law judge issued a decision that found that the Plaintiff was not entitled to a period of disability or disability insurance benefits under the Social Security Act from the alleged onset date through the date of the original decision of the previous administrative law judge.

10. Following the decision of the administrative law judge, the Plaintiff timely requested review by the Appeals Council of the Social Security Administration's Office of Disability Adjudication and Review. The Appeals Council denied the Plaintiff's request for review of the administrative law judge's decision in a written decision dated June 15, 2016. The decision of the administrative law judge of March 30, 2016, now stands as the final decision of the Defendant.

**COUNT I**

11. The Plaintiff incorporates the preceding paragraphs by reference.

12. The actions of the Defendant in seeking to redetermine Plaintiff's entitlement to benefits, previously determined to be payable by the final decision of an administrative law judge, violates provisions of the Social Security Act and regulations promulgated pursuant thereto that provide for reopening decisions after they have become final.

## COUNT II

13. The Plaintiff incorporates paragraphs 1 through 10 by reference.

14. The procedures utilized by the Defendant in redetermining Plaintiff's entitlement to benefits, previously determined to be payable by the final decision of an administrative law judge, violate Plaintiff's rights to due process that are guaranteed by the Social Security Act and the Fifth Amendment to the United States Constitution.

## COUNT III

15. The Plaintiff incorporates paragraphs 1 through 10 by reference.

16. The actions of the Defendant taken in redetermining Plaintiff's entitlement to benefits, previously determined to be payable by the final decision of an administrative law judge, violate Plaintiff's rights accorded by the Administrative Procedure Act.

## COUNT IV

17. The Plaintiff incorporates paragraphs 1 through 10 by reference.

18. The decision of the new administrative law judge issued on March 30, 2016, and therefore of the Defendant, is unsupported by substantial evidence.

## COUNT V

19. The Plaintiff incorporates paragraphs 1 through 10 by reference.

20. The Appeals Council decision and the decision of the new Administrative Law Judge, are unsupported by substantial evidence.

WHEREFORE, Plaintiff, Amy Jo Hicks, respectfully requests as follows:

1. That a summons be issued directing the Defendant appear before this Court;

2. That the Defendant be ordered to submit a certified copy of the transcript and record including evidence upon which the findings and decision was based;

3. That the Defendant's decision be reversed;

4. That the decision of the administrative law judge, which is dated July 2, 2008, be reinstated as the final decision of the Commissioner;

5. That the benefits previously awarded by that decision be reinstated;

6. That she be granted injunctive relief, both preliminary and final, enjoining the Defendant from redetermining her entitlement to benefits previously adjudicated until such time as proper rules are promulgated by the Defendant that provide all rights, privileges and protections accorded to Plaintiff by the laws of the United States, including the Social Security Act, the Administrative Procedure Act and the Constitution of the United States; and

7. That she have such other and further relief as the Court may deem necessary and proper in the circumstances.

RESPECTFULLY SUBMITTED,

PILLERSDORF DeROSSETT & LANE
124 WEST COURT STREET
PRESTONSBURG, KENTUCKY 41653
Telephone No.:  (606) 886-6090
Facsimile No.:   (606) 886-6148


s/JOSEPH LANE_____
JOSEPH LANE