UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO.  7:16-cv-00154-ART

AMY JO HICKS,                                                                 PLAINTIFF

VS.        **ACTING COMMISSIONER'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT IN PART FOR FAILURE TO STATE**
**A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

CAROLYN W. COLVIN, Acting Commissioner                      DEFENDANT
of Social Security.

\*\*\*\*\*\*\*

The Acting Commissioner (Commissioner) moves to dismiss Counts One, Two, and

Three of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

state a claim upon which relief can be granted.

**MEMORANDUM IN SUPPORT OF ACTING COMMISSIONER'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN PART FOR**
**FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED**

**INTRODUCTION**

The Social Security Administration (SSA or agency) administers a massive benefit

system that, among other things, provides disability benefits to persons who are disabled as

defined by the Social Security Act (Act), 42 U.S.C. 42 U.S.C. §§ 1381-1385.  SSA pays benefits

to individuals who are entitled to them, but must simultaneously preserve program resources

protect the public fisc by ensuring that those funds are not erroneously paid to individuals who

are not entitled.  Congress enacted sections 1129(l) and 1631(e)(7) of the Act, 42 U.S.C.

§§ 1320a-8(l), 1383(e)(7), as part of that program integrity effort.  Read together, these

provisions require that as soon as SSA's Inspector General has reason to believe that fraud was

involved in an individual's application for disability benefits, it must make that information

available to the agency, and the agency must "immediately redetermine" the individual's eligibility for benefits, and "disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence." *Id.* If after conducting the redetermination, the agency determines that there is insufficient evidence to support the individual's eligibility for benefits, the agency "may terminate such eligibility and may treat benefits paid on the basis of such insufficient evidence as overpayments." 42 U.S.C § 1383(e)(7)(C).

Consistent with those statutory requirements, following an SSA Office of the Inspector General (SSA OIG) referral reporting that there was a reason to believe that fraud was involved in Plaintiff's application, SSA informed Plaintiff that it was redetermining the previous decision granting her supplemental security income payments. As a result of that redetermination, the agency found that there was insufficient evidence supporting Plaintiff's eligibility at the time she was originally awarded benefits, and is in the process of terminating her benefits and assessing an overpayment. It is this decision that is properly before the Court for review under section 205(g) of the Act, 42 U.S.C. § 405(g).[1] Plaintiff's other claims are not.[2]

In her Complaint, Plaintiff challenges the agency's redetermination of her eligibility for benefits under section 1631(e)(7) of the Act on the following grounds:

- The actions of the Defendant in seeking to redetermine Plaintiff's entitlement to benefits, previously determined to be payable by the final decision of an administrative law judge, violates [sic] provisions of the Social Security Act and

---

[1] Although § 405(g) applies only to judicial review of title II benefits determinations, the statute governing judicial review of title XVI cases, 42 U.S.C. § 1383(c)(3), expressly adopts § 405(g)'s standards. *See* 42 U.S.C. § 1383(c)(3). For ease of discussion, this brief will refer exclusively to § 405(g), on the understanding that the same analysis applies to § 1383(c)(3).

[2] Other cases with similar challenges have been filed in this and other district courts. *See, e.g.*, *Burchett v. Colvin*, No. 16-cv-00062-HRW, Docket No. 13 (granting Commissioner's motion to dismiss Plaintiff's complaint in part); *Hitchcock v. SSA*, 7:16 cv 00094-HRW (E.D. Ky. July 26, 2016), ECF No. 9.

regulations promulgated pursuant thereto that provide for reopening decisions after they have become final.

- The procedures utilized by the Defendant in redetermining Plaintiff's entitlement to benefits, previously determined to be payable by the final decision of an administrative law judge, violate Plaintiff's rights to due process that are guaranteed by the Social Security Act and the Fifth Amendment to the United States Constitution.

- The actions of the Defendant taken in redetermining Plaintiff's entitlement to benefits, previously determined to be payable by the final decision of an administrative law judge, violate Plaintiff's rights accorded by the Administrative Procedure Act.

(*See* ECF No. 1 (Compl.), Counts 1-3, ¶¶ 12-16).  In her Prayer for Relief, Plaintiff asks "[t]hat she be granted injunctive relief, both preliminary and final, enjoining the Defendant from redetermining her entitlement to benefits previously adjudicated until such time as proper rules are promulgated by the Defendant that provide all rights, privileges and protections accorded to Plaintiff by the laws of the United States, including the Social Security Act, the Administrative Procedure Act and the Constitution of the United States . . ." (Compl., Prayer for Relief).  These Counts must be dismissed because Plaintiff's claims fail as a matter of law.  SSA's actions are fully consistent with the relevant statutory section, section 1631(e)(7) of the Act, 42 U.S.C. § 1383(e)(7), the Administrative Procedure Act (APA), as well as the Constitution.  Defendant will separately move this Court for an extension of time to answer Plaintiff's remaining Counts. *See Compton v. City of Harrodsburg, Ky.*, 287 F.R.D. 401, 402 (E.D. Ky. 2012) (holding that filing a partial motion to dismiss extends the time to file a responsive pleading with respect to all claims, including those not addressed in the motion).  Defendant will also separately respond to Plaintiff's motion for a preliminary injunction (*see* ECF No. 7).

# BACKGROUND

As Plaintiff averred in her Complaint, she was found disabled by an administrative law judge (ALJ) in a decision dated July 2, 2008 (Compl. ¶ 5). The ALJ issued a fully favorable decision without a hearing by relying on evidence from Dr. Bradley Adkins (Exhibit A: Declaration of Dreega Mosby ¶ 2, Attachment 1 (Mosby Decl.)). At the time, Plaintiff was represented by Eric C. Conn, an attorney representative (*id*.).

Plaintiff's lawsuit arises out of the redetermination process set forth in section 1631(e)(7) of the Act. Section 1631(e)(7) requires SSA to "immediately redetermine" an individual's eligibility for benefits whenever there is "reason to believe that fraud or similar fault was involved in the application of the individual for such benefits" and, in the process, to "disregard any evidence" if there is reason to believe that fraud or similar fault was involved in providing that evidence. 42 U.S.C. § 1383(e)(7). "If, after redetermining the eligibility of an individual for benefits under this subchapter, the Commissioner of Social Security determines that there is insufficient evidence to support such eligibility, the Commissioner of Social Security may terminate such eligibility and may treat benefits paid on the basis of such insufficient evidence as overpayments." 42 U.S.C. § 1383(e)(7)(C).

Under the redetermination process, if the case is remanded to an ALJ for a hearing, individuals may submit statements or evidence up to the date of their hearing in support of the original disability determination, regardless of whether the individual previously submitted that evidence to the Appeals Council (AC). Social Security Ruling ("SSR") 16-1p, 81 Fed. Reg. 13436 (Mar. 14, 2016). If the ALJ issues a decision finding that an individual was not eligible for benefits at the time he or she was originally awarded benefits, that individual's benefits will then be terminated. The individual may subsequently request review by the AC. *See* 20 C.F.R. §§ 416.1467-68. If the AC issues a decision, that decision will constitute the final agency

4

decision.  20 C.F.R. § 416.1481.  If the AC decides not to review the ALJ's decision, the ALJ's decision will constitute the final agency decision.  *Id.*  In either situation, a dissatisfied individual may then seek judicial review.  42 U.S.C. § 405(g)-(h).

On May 12, 2015, pursuant to section 1129(l) of the Act, 42 U.S.C. § 1320a-8(l), the SSA OIG informed the agency that there was reason to believe that fraud was involved in the applications for benefits of approximately 1,800 individuals (Mosby Decl. ¶ 3, Attachment 2). Specifically, the SSA OIG had reason to believe that Mr. Conn or his firm submitted pre-completed "template" Residual Functional Capacity forms purportedly from Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., Frederic Huffnagle, M.D., or David P. Herr, D.O., dated between January 2007 and May 2011, in support of the individuals' applications for benefits[3] (*id.*).

Following receipt of this information, SSA was required by statute to redetermine those individuals' eligibility for benefits in accordance with section 1631(e)(7) of the Act.  42 U.S.C. § 1383(e)(7).  Plaintiff was one of those individuals.  Shortly after the SSA OIG's referral, on May 18, 2015, SSA notified Plaintiff that there was reason to believe fraud or similar fault was involved in her application for benefits, and that SSA was required to redetermine her eligibility for benefits under section 1631(e)(7) and disregard the evidence from Dr. Adkins (Mosby Decl. ¶ 4, Attachment 3).  SSA invited Plaintiff to submit more evidence or a statement about the facts or law in her case (*id.*).  On July 1, 2015, SSA notified Plaintiff that it had considered any evidence submitted along with the other evidence of record, but that there was insufficient

---

[3] Mr. Conn, Dr. Adkins, and former Huntington Hearing Office Administrative Law Judge David Daugherty were recently charged in an 18-count indictment returned on April 1, 2016 in the U.S. District Court for the Eastern District of Kentucky.  *See* Indictment, *U.S. v. Conn, et al.*, 5:16-cr-22 (E.D. Ky. April 1, 2016), ECF No. 1.

evidence to support the prior ALJ's decision (Mosby Decl. ¶ 5, Attachment 4).  SSA remanded

Plaintiff's case to a new ALJ for a hearing and a new decision (*id.*).

The ALJ conducted a hearing on February 1, 2016, at which Plaintiff appeared with a

new representative (Mosby Decl. ¶ 7).  After considering the hearing testimony and relevant

evidence, the ALJ concluded that there was insufficient evidence in the administrative record to

support Plaintiff's original eligibility for benefits (Mosby Decl. ¶ 7, Attachment 5).  This

decision became the agency's final decision when the AC denied Plaintiff's request for review in

June 15, 2016 (Mosby Decl. ¶ 7, Attachment 6).

Plaintiff filed her complaint with this Court on July 25, 2016, and served the Acting

Commissioner on August 3, 2016.

## STANDARD OF REVIEW

Defendant moves to dismiss Counts One, Two, and Three of Plaintiff's Complaint under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Under this rule, the Court

may consider well-pleaded factual allegations, as well as "documents incorporated into the

complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v.

Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Greenberg v. Life Ins. Co. of Virginia*,

177 F.3d 507, 514 (6th Cir. 1999).  Although the Court must accept all well-pleaded factual

allegations as true, it need not accept "a legal conclusion couched as a factual allegation."  *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**ARGUMENT**

In her Complaint, Plaintiff requests "injunctive relief, both preliminary and final, enjoining the Defendant from redetermining her entitlement to benefits previously adjudicated until such time as proper rules are promulgated by the Defendant that provide all rights, privileges and protections accorded to Plaintiff by the laws of the United States, including the Social Security Act, the Administrative Procedure Act and the Constitution of the United States. . . ." (Compl., Prayer for Relief ).  Contrary to Plaintiff's challenges, SSA's actions are fully consistent with the relevant statutory sections of the Act, 42 U.S.C. §§ 1383(e)(7), 1320a-8(1), the Administrative Procedure Act (APA), 5 U.S.C. § 551 et seq., and the Constitution.

    A.    <u>Count One Should Be Dismissed Because the Redeterminations Do Not Violate the Social Security Act or Agency Regulations</u>.

To the extent that Plaintiff is claiming that the agency's reopening regulations govern the redetermination process under section 1631(e)(7), this challenge must be dismissed for failure to state a claim.  The regulations referenced by Plaintiff that govern "reopenings" are not applicable to the "redeterminations" being conducted in accordance with section 1631(e)(7) of the Act.  In a recent ruling in a related case, the court denied Plaintiffs' motion to enjoin redeterminations for failing to follow the reopening regulations holding:

> Defendant is exercising authority under 42 U.S.C. § 405(u), following a referral by the OIG pursuant to 42 U.S.C. § 1320a-8. As parts of the same legislative enactment, these statutes provide Defendant with authority to redetermine a claim when there is "reason to believe" fraud was involved.  42 U.S.C. § 405(u). Congress labeled this authority a "redetermination"; therefore, Defendant need not act under the authority required to "reopen" a claim.

*Robertson v. Colvin*, No. 3:16-cv-02113, 2016 WL 3406134, * 2 (S.D. W.Va. June 17, 2016).[4]

Here, the agency notified Plaintiff that the redetermination process under section 1631(e)(7) of the Act was being followed because there was reason to believe that fraud was involved in certain cases that included evidence from one of four medical professionals (Mosby Decl. ¶¶ 4, 5, 7, Attachments 3, 4, 5). Under section 1631(e)(7), Congress mandated that SSA "*shall immediately redetermine* the eligibility an individual for benefits . . . if there is a reason to believe that fraud or similar fault was involved in the application of the individual for such benefits . . . ." 42 U.S.C. § 1383(e)(7) (emphasis added). That Congress intended there to be a distinction between redeterminations and reopenings is supported by the fact that Congress was well aware of the agency's reopening rules but chose not to call the section 1631(e)(7) review a "reopening" of the prior decision but a "redetermination," and also by the legislative history, which shows that Congress enacted section 1631(e)(7) precisely because it believed that the reopening rules were "cumbersome and unworkable" in addressing cases of fraud in applications for benefits.[5] Because SSA is following the redetermination process authorized by section 1631(e)(7), not the reopening regulations referred to in the Complaint, Plaintiff's allegations that

---

[4] In *Robertson*, the named plaintiffs received disability insurance benefits under title II of the Act. Under title II, the redetermination process is provided for under section 205(u), 42 U.S.C. 405(u). The redetermination process under title II is substantively identical to the redetermination process under title XVI. 42 U.S.C. § 1383(e)(7). Congress enacted both of these sections in section 206(d) of Pub. L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, 108 Stat. 1464, 1509.

[5] *See* Report on Reforms to Address Supplemental Security Income Fraud and Abuse Involving Middlemen, at 7 (May 12, 1994), http://congressional.proquest.com/congressional/docview/t21.d22.cmp-1994-wam-0010?accountid=14740 (last visited Aug. 30, 2016).

SSA has violated the reopening regulations are irrelevant and Count One must be dismissed for failure to state a claim.[6]

      B.    <u>Count II Should Be Dismissed Because the Redeterminations Do Not Violate the Due Process Clause of the Fifth Amendment</u>

Plaintiff's contention that the redeterminations violate the Due Process Clause is also meritless and should be dismissed. SSA has merely followed the plain language of section 1631(e)(7), which directs the agency to "immediately redetermine" the individual's eligibility for benefits, and "disregard any evidence if there is *reason to believe* that fraud or similar fault was involved in the providing of such evidence." 42 U.S.C. § 1383(e)(7) (A) (emphasis added). Under the statute, once there is a "reason to believe" that fraud was involved in the provision of evidence, SSA is statutorily required to disregard that evidence. Here, SSA actions were completely consistent with the clear language of the statute.

In addition, it is clear from the statutory scheme that the SSA OIG's "reason to believe" that fraud was involved in the application process can trigger the agency's obligation to take

---

[6] Plaintiff appears to disagree with SSA's interpretation that redeterminations are separate and apart from reopenings. Although SSA believes the statutory mandate in section 1631(e)(7) is clear, even if Plaintiff believes it is ambiguous, SSA's interpretation of the Act is entitled to at least *Skidmore* deference, if not *Chevron* deference. *Chevron, U.S.A. Inc. v. Nat. Resources Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984); *see Barnhart v. Walton*, 535 U.S. 212, 221-22 (2002) ("[T]he fact that the Agency previously reached its interpretation through means less formal than 'notice and comment' rulemaking, . . . does not automatically deprive that interpretation of the judicial deference otherwise its due."); *Nat'l Cable &Telecomms. Ass'n v. Brand X Internet Servs*, 545 U.S. 967, 980 (2005) (*Chevron* requires court to accept reasonable construction of statute even if the agency's reading differs from what the court believes is the best statutory interpretation); *Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 557 (6th Cir. 1995) ("Although social security rulings do not have the force or effect of law, we are persuaded that *Chevron* applies to social security rulings insofar as the rulings directly involve construction of the statute."); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, (1944) (an agency's interpretation of its statute contained in opinion letters, policy statements, agency manuals, or enforcement guidelines, is entitled to deference).

action based on that information.  Under section 1129(l) of the Act, 42 U.S.C. § 1320a-8(1),

which was enacted along with section 1631(e)(7), Congress directed the SSA OIG to notify the

agency once it had reason to believe that fraud was involved in the application of an individual

for monthly insurance benefits under title II or for benefits under title VIII or XVI.[7]  As the

legislative history of section 1129(l) indicates "[f]ollowing the initial receipt, or discovery during

the course of a criminal investigation, of information that an individual or individuals may have

fraudulently obtained SSI benefits, the SSA OIG would undertake such steps as necessary to

determine the validity, veracity and viability of such information" and must disclose that

information to the agency at the point in time that "the OIG has reason to believe that an

individual or individuals have fraudulently obtained SSI benefits."  H.R. Rep. No. 103-506, at 85

(1994), *reprinted in* U.S.C.A.N. 1494; *see also* H.R. Conf. Rep. No. 103-670, at 147 (1994),

*reprinted in* U.S.C.C.A.N. 1553 (the bill passed by Congress follows the House bill on this

provision, but expands the scope of the provision to include claims under both title II and title

XVI of the Act).

    Reading these statutory provisions together and in context, where, as here, the SSA OIG

provides information that it has a "reason to believe" there was fraud in the application for

benefits to the agency, the agency is then required to "immediately" redetermine the eligibility of

---

[7] Under the Inspector General Act of 1978, the OIG is directly responsible for preventing and detecting fraud and abuse in SSA's programs and operations.  *See* 5 U.S.C. App. § 2(2).  To accomplish this mission, OIG directs, conducts, and supervises a comprehensive program of audits, evaluations, and investigations relating to SSA's programs and operations.  OIG also searches for and reports systemic weaknesses in SSA programs and operations, and makes recommendations for needed improvements and corrective actions.  *See* Office of the Inspector General's Strategic Plan for Fiscal Years 2016 through 2020, at 3-4 (revised Aug. 2015), available at https://oig.ssa.gov/strategic-plans (last visited on Aug. 30, 2016).  Given OIG's mission, SSA is heavily reliant on its activities, particularly its investigative and hotline operations, to prevent, detect, investigate, and deter fraud against the agency.

that individual or group of individuals.  Further, once the SSA OIG communicates its referral to

the agency, the agency is required to disregard evidence tainted by fraud in processing a

mandatory redetermination.  *Cf. FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132

(2000) (in construing statutes, it is well established that "the words of a statute must be read in

their context and with a view to their place in the overall statutory scheme. . . .  A court must

therefore interpret the statute as a symmetrical and coherent regulatory scheme, . . . and fit, if

possible, all parts into an harmonious whole."); *Maracich v. Spears*, 133 S. Ct. 2191, 2203

(2013) (in construing a statute, a court "must not be guided by a single sentence or member of a

sentence, but look to the provisions of the whole law, and to its object and policy").

Moreover, SSA provided Plaintiff with appropriate due process protections.  She received

an opportunity for a hearing before a neutral decisionmaker and an opportunity to testify and

submit evidence that was new, material, and related to the period at issue (Mosby Decl. ¶ 6).  If

she had requested it, the agency would have assisted in obtaining records that were new,

material, and related to the period at issue (Mosby Decl. ¶ 6).  In addition, at any time during the

redetermination process, Plaintiff may file a new application for disability benefits.  *See* SSR

16-1p, 81 Fed. Reg. 13436 (Mar. 14, 2016).  When Plaintiff is assessed an overpayment, she is

also entitled to seek a waiver of any overpayment.  *See* 42 U.S.C. § 1383(b)(1)(B) ("The

Commissioner of Social Security . . . shall make such provision as the Commissioner finds

appropriate in the case of payment of more than the correct amount of benefits with respect to an

individual with a view to avoiding penalizing such individual or his eligible spouse who was

without fault in connection with the overpayment, if adjustment or recovery on account of such

overpayment in such case would defeat the purposes of this subchapter, or be against equity and

good conscience.").  The administrative process provided Plaintiff more than satisfies the

requirements of due process.  *See Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (requiring that

welfare recipients receive the opportunity for a pre-termination hearing that comports with

"minimum procedural safeguards, adapted to the particular characteristics of welfare recipients,

and to the limited nature of the controversies to be resolved.").  Plaintiff's claims cannot succeed

as a matter of law.

      C.    <u>Count III Should Be Dismissed Because the Redetermination Do Not Violate the APA.</u>

Plaintiff further contends that the agency must promulgate "proper rules" governing

redeterminations. (Compl., Prayer for Relief)  To the extent that Plaintiff is asserting that Social

Security Ruling 16-1p, 81 Fed. Reg. 13436 (Mar. 14, 2016), and the Hearings, Appeals, and

Litigation Law (HALLEX) manual I-1-3-25 (updated Feb. 25, 2016), available at

https://www.ssa.gov/OP_Home/hallex/I-01/I-1-3-25.html, relating to redeterminations require

notice and comment rulemaking under the APA, her claim can be easily rejected.  As

interpretative rules, "the HALLEX and other Social Security Rulings . . . are not subject to notice

and comment rulemaking."  *Robertson*, 2016 WL 3406134, at *2; *see also* 5 U.S.C.

§ 553(b)(3)(A) (excepting interpretative rules, general statements of policy, or rules of agency

organization, procedure, or practice from the notice and comment rulemaking requirements).

And despite Plaintiff's suggestion to the contrary, these rules merely restate and apply section

1631(e)(7)'s mandate that the agency redetermine eligibility to disability benefits if there is a

reason to believe that fraud was involved in an individual's application, and when redetermining

eligibility, disregard evidence if there is reason to believe that fraud was involved in the

provision of the evidence.  *See Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1340 (4th Cir.1995)

("[I]nterpretive rules simply state what the administrative agency thinks a statute means, and

only remind affected parties of existing duties.").

To the extent that Plaintiff is asserting that the APA's formal adjudication requirements apply to the section 1631(e)(7) redetermination process, such a claim is also erroneous.  The APA's formal hearing requirements are limited to adjudications "required by statute to be determined on the record after opportunity for an agency hearing."  5 U.S.C. § 554(a); *see also Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 679 (6th Cir. 2005); *First Nat'l Bank v. Sanders*, 946 F.2d 1185, 1188-89 (6th Cir. 1991) ("For purposes of the APA, substantive rules are rules that create law, while in contrast interpretive rules merely clarify or explain existing law or regulations and go to what the administrative officer thinks the statute or regulation means." (internal citations omitted)).  Under section 1631(e)(7) of the Act, the agency must "immediately" redetermine an individual's eligibility for benefits if there is reason to believe that fraud or similar fault was involved in that person's application for benefits.  When it conducts a redetermination, the agency is required to "disregard any evidence if there is reason to believe that fraud or similar fault was involved in providing such evidence."  And although section 1631(e)(7) itself does not require any hearing, as previously explained, Plaintiff is being provided with a number of procedural protections including a hearing before an ALJ and the opportunity to provide evidence during that hearing to establish that she was entitled to benefits at the time of the application.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Counts One, Two, and Three of Plaintiff's Complaint with prejudice and strike paragraph 8 of Plaintiff's complaint.

Respectfully submitted,


KERRY B. HARVEY
UNITED STATES ATTORNEY


By:    /s/ John S. Osborn, III
       JOHN S. OSBORN, III
       Assistant United States Attorney
       260 W. Vine Street, Suite 300
       Lexington, Kentucky 40507-1612
       Phone: (859) 685-4812
       Facsimile: (859) 233-2533
       John.Osborn@usdoj.gov

Of Counsel for the Defendant:

John Jay Lee, Regional Chief Counsel, Denver
Laura Hope Holland, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region VIII
1961 Stout Street, Suite 4169
Denver, Colorado 80294-4003


## CERTIFICATE OF SERVICE

   I certify that on August 31, 2016, I electronically filed the foregoing with the Clerk of Court by

using the CM/ECF system, which will send a notice of electronic filing to the following

CM/ECF participant, Joseph Lane, Esq., Counsel for Plaintiff.

                          /s/ John S. Osborn, III
                          JOHN S. OSBORN, III
                          Assistant United States Attorney