UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| AMY JO HICKS,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, *Acting Commissioner of Social Security*,<br><br>    Defendant. | Civil No. 16-154-ART<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court has remanded this case back to the Social Security Administration (SSA). R. 36; R. 48. But in doing so, the Court failed to clarify whether it was also reversing the SSA's decision. Amy Jo Hicks argues that it was—and thus that the SSA must resume paying her benefits. R. 54. The SSA argues that it was not, while at the same time agreeing to reinstate Hicks's benefits if the Court clarifies that its remand was indeed also a reversal. R. 59 at 4. Although the SSA has appealed the remand order, the Sixth Circuit has sent the case back here for the limited purpose of resolving this remedial issue. R. 62.

In a previous episode, the Court held that the SSA had violated Hicks's due-process rights because its internal regulations barred her from presenting some favorable medical evidence at her redetermination hearing—after which the SSA cancelled her benefits. R. 36. But the Court also concluded that restoring Hicks's rights requires only a brief supplemental hearing where she can present the excluded evidence. *Id*. at 32. So the Court needed a way to return the case to the SSA. Two options were open: sentences four and six of 42 U.S.C.

§ 405(g). Under the fourth sentence of that provision, courts have the "power to enter . . . a judgment affirming, modifying, or reversing" an SSA decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Under the sixth, a "court may, on motion of the [SSA] . . . remand the case to the [SSA] for further action." *Id*. Because the SSA had not made such a motion, the Court invoked its sentence-four authority and remanded the case for the SSA to conduct a supplemental hearing. The Court did not, however, specify whether it was affirming, modifying, or reversing the SSA's decision to cancel Hicks's benefits.

That was an oversight, for which the Court apologizes and which it will correct now. Under sentence four, a court may remand only "*in conjunction* with a judgment affirming, modifying, or reversing the [SSA's] decision." *Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991) (emphasis added). The Court still cannot know, as it has said before, "if the SSA's decision was right or wrong." R. 36 at 31. Since the SSA did not consider all the evidence it should have, the Court cannot say whether it determined the facts correctly. Yet the Court also cannot remand without giving the SSA a firm decision. *See Melkonyan*, 501 U.S. at 101 ("[Sentence-four] remand orders must . . . accompany a final judgment affirming, modifying, or reversing the [SSA's] decision[.]"). Thus, the question is: What did this Court decide? Or more accurately: In which box—affirm, modify, reverse—does the Court's decision fit?

This was the exact question facing the Supreme Court when it heard *Sullivan v. Finkelstein*, 496 U.S. 617 (1990). The SSA's regulations treated disability applicants who were widows of wage earners differently from those who were wage earners themselves; wage earners could get benefits by showing that an impairment stopped them from working, their surviving spouses could not. *Id*. at 620–21. The SSA denied the widowed Finkelstein's

application under this regulatory scheme, a scheme with which the district court took issue. In its view, a widow who cannot work is no less disabled than a wage earner who cannot. *Id.* at 624–25. And because the SSA's regulations had left the record "devoid of any findings regarding [Finkelstein's] inability" to work, the court remanded for the SSA to make those findings. *Id.* at 622 (internal quotation marks omitted). The SSA immediately appealed, forcing the Supreme Court to decide whether this type of remand is immediately appealable. *Id.* at 619. First, however, the Court had to determine what type of remand it really was—in the Court's words, "to consider precisely what the District Court held and why it remanded this case." *Id.* at 623. Since the district court had "in effect . . . ordered the [SSA] to address [the widow's] ailment without regard for the regulations that would have precluded such consideration," the Supreme Court concluded that the court had "essentially invalidated" those regulations. *Id.* at 624. And thus, its remand order "reversed" the SSA decision based on those regulations. *Id*.

This analysis dictates the answer here. The story is the same: the faulty regulations, the SSA decision based on them, and the record consequently devoid of some material evidence. This Court's decision was the same: to remand for the SSA to consider the evidence that its regulations previously excluded. And the Court's current task is the same: to determine what kind of decision that was. *Finkelstein* has the answer. It was a reversal.

Logic also dictates this answer. If a process cannot be trusted, neither can its result. And a process that violates due process—as Hicks's redetermination process did—cannot be trusted. Its result therefore cannot stand. This is true even if Hicks might lose on remand. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 544 (1985) ("[T]he right to a hearing

does not depend on a demonstration of certain success."). The Court would not grant a defendant a new trial and yet keep his conviction in place, making him stand trial as a still-guilty man; if the government violates due process to secure a conviction, the conviction is invalid and the Court must reverse it. *E.g.*, *Smith v. Cain*, 565 U.S. 73 (2012). Just so here. The agency reached a decision by violating Hicks's due-process rights. Reversal is the way that courts right such wrongs. *Cf. Brantley v. Comm'r of Soc. Sec.*, 637 F. App'x 888, 896–97 (6th Cir. 2016) ("Not to reverse a decision that resulted from the [SSA's] violation of the law . . . 'would afford the [agency] the ability [to] violate [it] with impunity and render protections promised therein illusory.'" (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004)).

The SSA responds in two ways. First it attempts to distinguish *Finkelstein*, pointing out that the question presented there "was whether a district court's sentence-four remand was immediately appealable—not whether such a remand required the underlying decision to be vacated." R. 59 at 6. True, but irrelevant. To reach the question presented, the Court had "to consider precisely what the District Court held." *Finkelstein*, 496 U.S. at 623. And it is that part of the decision that informs this one. The SSA also points out that what the district court held there is different than what the Court held here. Where this Court invalidated one regulation, that court invalidated a scheme. So, the SSA says, "complying with the district court's remand order [there] required reconsidering the claimant's medical condition using different rules, such that the [agency's] prior hearing decision could not possibly stand." R. 59 at 6. Here, by contrast, the Court only ordered a supplemental evidentiary hearing, and, "[d]epending on the answer to that inquiry, the [SSA's] redetermination decision could

4

remain intact and unchanged after remand." *Id.* Again, true. But again, beside the point. The SSA's decision in *Finkelstein* could not stand because of how the agency reached it, but the SSA could have decided again on remand that the widow was not entitled to benefits—once it allowed her to make her case. The SSA's decision here also cannot stand because of how the SSA reached it—by violating due process—even though the SSA might reach the same decision again after allowing Hicks to make her case. *Finkelstein* makes clear that, when a court remands an SSA decision in this scenario, the court reverses the decision.

Second, the SSA argues that there is another way to read the Court's holding: not as a reversal, but as a modification. R. 59 at 7. Sentence four permits courts to do either—and the SSA is right that *Finkelstein* does not clearly delineate between "reverse" and "modify" as those terms are used in Section 405(g). *Id.* Nor does any other case that the parties have cited or the Court has seen. Meanwhile, the SSA offers a reading of the Court's holding as a modification: Because it "do[es] not necessarily dictate *any*—let alone a *major*—change in the [SSA's] final decision regarding Hicks's entitlement to benefits," the Court's holding "can be viewed as requiring that the [SSA's] decision be modified to the extent warranted following remand." *Id.* In other words, the Court "modified" the SSA's decision by telling the SSA to reconsider it and to modify it as necessary. In the abstract, this is a plausible reading of the Court's decision. Courts sometimes "remand without vacating," a remedy that allows agencies to fix process errors at minimal cost (for the government, at least).[1] But the

---

[1] The Administrative Conference of the United States explains this remedy in its recommendation as to how courts should use it. *See* Administrative Conference Recommendation 2013-6: Remand Without Vacatur (Dec. 17, 2013). To be clear, the Court has not seen a case in which the D.C. Circuit applied this remedy under sentence four of 42 U.S.C. § 405(g); indeed, as explained here, that sentence would not allow a court to do so.

question here is not abstract. There is sentence four to consider. And the "plain language" of that sentence only "authorizes a district court to enter a judgment 'with or without' a remand order, not a remand order 'with or without' a judgment." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). A court does not "modify" a decision by waiting to see how (and if) an agency will modify it. Sentence four requires *the court itself* to modify the decision, which the Court did not do here.

The SSA essentially characterizes the Court's order not as a sentence-four, but as a sentence-six remand. On sentence-six remand, the SSA may consider new facts, modify its own decision, and report back to court when it is done. 42 U.S.C. § 405(g). But because the SSA did not move for a sentence-six remand, the Court's order was not—and could not be—a sentence-six remand. And the Supreme Court has admonished lower courts not to jumble these sentences up, because the "distinction is crucial to the structure of judicial review established under [Section] 405(g)." *Shalala*, 509 U.S. at 301. The Court therefore cannot accept the SSA's reading of "modify" as used in sentence four. That reading would turn sentence four into an ersatz sentence six, allowing a court to remand without an "[i]mmediate entry of judgment," which "is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Id*. at 297. Rather, the Court must apply sentence four as the *Finkelstein* Court did. This Court of course did not affirm the SSA's decision; nor did it modify the decision. By invalidating the regulations that made Hicks's redetermination hearing unconstitutional, the Court reversed the decision that the hearing produced.

Thus, pursuant to Federal Rule of Civil Procedure 60(a), the Court uses this Order to "correct" the "mistake arising from oversight" in its previous order. Per sentence four, the

Court was required to affirm, modify, or reverse the SSA's decision before remanding.  42 U.S.C. § 405(g).  Per *Finkelstein*, the Court's previous decision amounted to a reversal.  As such, the SSA's decision—that Hicks is no longer entitled to benefits—is reversed.  The SSA must therefore return Hicks to the position she was in before the agency's decision.  That means the SSA must resume paying Hicks, as it has agreed to do, *see* R. 59 at 4, and as its regulations require, *see* Soc. Sec. Admin., *Hearings, Appeals, and Litigation Law Manual* ("HALLEX") § I-1-3-25(C)(5).  The SSA must also adjust any overpayment that it has sought from Hicks until it proves through a valid hearing that she is not entitled to benefits.  *Cf. Califano v. Yamasaki*, 442 U.S. 682, 705–06 (1979).

The Court has entered similarly incomplete orders in six related cases: *Blackburn v. Berryhill*, 7:16-cv-00053-ART (E.D. Ky. 2016); *Ousley v. Berryhill*, 7:16-cv-00064-ART (E.D. Ky. 2016); *Justice v. Berryhill*, 7:16-cv-00089-ART (E.D. Ky. 2016); *Jenkins v. Berryhill*, 7:16-cv-00095-ART (E.D. Ky. 2016); *Adams v. Berryhill*, 7:16-cv-00106-ART (E.D. Ky. 2016); and *Hale v. Berryhill*, 7:16-cv-00053-ART (E.D. Ky. 2016).   The circuit has not yet given the Court jurisdiction to correct those.  If the plaintiffs there obtain the Sixth Circuit's leave for a limited remand, however, the Court would promptly correct their orders/judgments pursuant to Federal Rule of Civil Procedure 60(a).  The Court again apologizes for the error/oversight in its previous order.

Accordingly, it is **ORDERED** as follows:

(1)   Hicks's motion to amend the order, R. 54, is **GRANTED**.

(2)   The Court's memorandum opinion and order, R. 36, and judgment, R. 37, are **CORRECTED** to reflect that the SSA's decision terminating Hicks's benefits is **REVERSED**.

This the 31st day of March, 2017.

Signed By:
*Amul R. Thapar* AT
United States District Judge